Damon *v.* Denny.

---

EDGAR T. DAMON *vs.* GEORGE W. DENNY.

New Haven Co., June T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, JS.

The law will not permit a plaintiff to have two suits pending against a defendant for the same cause of action. The existence of the first is ground for abating the second.

And in determining whether the first suit is for the same cause of action with the second, parol evidence is admissible.

And where the pending suit is one in which it is legally possible for a judgment to be rendered upon the cause of action alleged in the second and was brought for the purpose of obtaining such a judgment, the plaintiff is bound to exhaust the possibilities of that suit before subjecting the defendant to the cost of a second suit.

[Argued June 2d—decided July 20th, 1886.]

ACTION for breach of a warranty of the condition of certain apples sold, and for false representations with regard to them; brought to the City Court of the city of New Haven. Plea in abatement of the pendency of another suit for the same cause of action; plea sustained, and judgment for the defendant, (*Pickett, J.*) Appeal by the plaintiff. The case is fully stated in the opinion.

*H. Daily,* for the appellant.

*A. D. Penney,* for the appellee.

PARDEE, J. On March 30th, 1855, the plaintiff instituted a suit against the defendant, alleging that he had expended for him three hundred dollars; had sold and delivered to him goods, wares and merchandise of the same value; had bargained and sold to him goods, wares and merchandise of the same value; and that he had never paid therefor; demanding two hundred dollars damages.

On December 29th, 1885, that suit still pending, the plaintiff instituted this, alleging in effect in the first count that on March 27th, 1885, the defendant warranted to the plaintiff that certain apples were in good marketable condition; that relying upon the warranty the plaintiff purchased them and paid the defendant $367\frac{50}{100}$ therefor; that the apples were not marketable, and that the defendant knew that fact; that the plaintiff sold and delivered some of the apples to his customers as marketable: that he was compelled to take them back; that his reputation suffered thereby; and that he expended two hundred and twenty-five dollars in sorting, packing and carting them. In the second count, that the defendant falsely and fraudulently represented the apples to be marketable; that induced thereby the plaintiff bought and paid therefor $367\frac{50}{100}$; that the defendant knew his warranty to be false and untrue; that the apples were of no value; and that he suffered in reputation and expended money as set forth in the first count.

The defendant pleaded in abatement the pendency of the first suit, and that it is for the same cause of action as that set forth in this. The plaintiff replied, in effect, that the first suit is not for any of the causes of action set forth in this, but for an entirely different cause. The defendant re-affirmed the truth of his plea. Upon the trial the defendant introduced the file in the first suit and then offered himself as a witness for the purpose of proving that he never had more than one transaction with the plaintiff, and that previous to that suit. To this evidence the plaintiff objected as irrelevant, immaterial and inadmissible; that it tended to contradict the file in the first suit; that the file must speak for itself; and that the issue must be tried solely

upon the comparison of files in the two suits. The court admitted the evidence, and the defendant testified in effect that the only transaction between them occurred on the 28th of March, 1885, and concerned a car load of apples. No other evidence was offered by either party. The plaintiff asked the court to find as a fact that it had not been proven that the suits were for the same cause ; but the court found as a fact that the first suit was pending, that it was effective, and for the same cause as this, and adjudged that this abate. The plaintiff appeals because of the admission of evidence, and of the finding and ruling aforesaid.

Under our Practice Act a plaintiff can attach the property of a defendant and summon him into court, upon a complaint which, while it must disclose a good cause of action, may do so in a very general way and be almost barren of details. It rests with the defendant to say whether the plaintiff shall have judgment without more, or whether he shall supply full details. The allegation in the first suit is in words as few and general as possible ; it is in effect that the plaintiff has expended a sum of money which it is the legal duty of the defendant to re-pay ; it is sufficient to sustain a judgment without more if the defendant refrains from requiring more.

If the service of a complaint thus drawn fails to effect an adjustment and a trial must ensue, the act enables the defendant to require and the plaintiff to supply the omitted details, so that the complaint shall have the fullness, precision and truthfulness of ancient pleadings without their prolixity.

If the act permits a plaintiff to ask for and receive and enforce a judgment upon so general a statement of his claim, if he should thereafter institute a second suit, and in his complaint state a cause of action with particularity of detail, there must remain to the defendant the right to prove, even by oral testimony, that this last cause of action was the only one existing at the time of the first judgment and was the foundation upon which that rested. *Supples* v. *Cannon*, 44 Conn., 424, and cases cited in the reporter's note

thereto; *Dutton* v. *Woodman*, 9 Cush., 255; *Bigelow* v. *Winsor*, 1 Gray, 299; *Phillips* v. *Berrick*, 16 Johns., 136; *Washington Packet Co.* v. *Sickles*, 5 Wall., 592. The law no more permits a plaintiff to have two suits pending against a defendant for the same cause than it permits him to have two judgments. Therefore there is equal necessity for parol testimony as a defense against the former as against the latter wrong. In his first suit the plaintiff alleged that he had paid out and expended three hundred dollars for the benefit of the defendant and that the latter justly owed him that sum. To this the Practice Act permits him to add, by way of amplification, that the defendant received money from him for worthless apples and imposed upon him the expenditure of an additional sum by reason of the delivery of the same to him; and that in equity and good conscience he should repay the money. A judgment based upon the cause alleged in the second suit was legally possible in the first. If so, and if to redress that wrong was the purpose of the first, it was the duty of the plaintiff to exhaust the possibilities of that before subjecting the defendant to the cost of a second. And if the latter can prove that the transaction which is the basis of the second suit occurred before the bringing of the first and is the only one which has occurred between the parties, and the plaintiff omits to add anything to the general allegation in the first, or offer evidence upon the plea interposed in the second, it remains legally possible to the court to find that the latter is for a cause for which the plaintiff had a pending suit.

There is no error in the judgment complained of.

In this opinion PARK, C. J., and GRANGER, J., concurred. CARPENTER and LOOMIS, Js., dissented.