WETZSTEIN, APPELLANT, v. BOSTON & MONTANA
CONSOLIDATED COPPER & SILVER MIN-
ING COMPANY, RESPONDENT.

28   451
30   137

28   451
32   515

28   451
41   205

(No. 1,618.)

(Submitted June 19, 1903.   Decided July 1, 1903.)

*Actions — Demurrer — Another Action Pending — Appeal—
Identity of Parties—Same Cause of Action.*

1.  Where a complaint shows that a former action, between the same parties
    and for the same cause, is before the supreme court undetermined on ap-
    peal, a demurrer is properly sustained thereto.
2.  The action is between the same parties when it appears from the complaint
    that the defendant in the action is the successor in interest of the defend-
    ant in a former action.
3.  The action is for the same cause, if based on the same assertion of title as
    in a former action, though the plaintiff in the subsequent action prays for
    an injunction, the appointment of a receiver, and for an accounting, where
    he was entitled to such relief as to the injunction and receiver in the for-
    mer action, and fails to state facts sufficient to constitute a cause of ac-
    tion for an accounting, by not averring a demand for an accounting and a
    denial thereof by defendant.

*Appeal from District Court, Silver Bow County; John Lind-
say, Judge.*

ACTION by Adolph Wetzstein against the Boston & Montana
Consolidated Copper & Silver Mining Company.   From a judg-
ment in favor of defendant, plaintiff appeals.   Affirmed.

*Messrs. McHatton & Colter,* and *Messrs. Toole & Bach,* for
Appellant.

The former action does not constitute any bar to or abate-
ment of this action; until the final determination of the former
action, the plaintiff had a right to institute and maintain this
action.    (Code of Civil Proc. Secs. 1895, 1893; *Murray* v.
*Greene,* 64 Cal. 369; *Harris* v. *Barnhart,* 97 Cal. 546, 32 Pac.
589; *Naftzger* v. *Gregg,* 99 Cal. 83; *Brown* v. *Campbell,* 100
Cal. 636; *Estate of Blythe,* 99 Cal. 472; *Storey* v. *Storey &*

*Isham Co.,* 100 Cal. 41; *Montana Mining Co. Ltd.* v. *St. Louis M. & S. Co.,* 58 Pac. 870.)

The plaintiff's position is that he is a cotenant with the defendant; that the defendant denies his title, and has ousted and excluded and still excludes him from the common property. At common law a tenant in common had the right to enter upon the whole and every part of the property. (*Carpenter* v. *Webster,* 27 Cal. 544-546; *Tevis* v. *Hicks,* 38 Cal. 234-238; Freeman on Cotenancy, 87.) In all cases a tenant in common can sue his cotenant. (Section 586, Code Civil Procedure of Montana.) Under the Act of February 28, 1899, Laws of Montana, Sixth Session, page 134, the plaintiff has a right to maintain this action. Under the circumstances alleged in the complaint he is entitled thereunder to the relief prayed.

An action in equity for an accounting is a proper one. (11 Am. & Eng. Ency. Law, p. 1131, note 2; *Ward* v. *Ward,* 29 L. R. A. 449, note; *Gage* v. *Gage,* 28 L. R. A. 849; *Fitzgerald* v. *Clark,* 17 Mont. 100; *McCord* v. *Oakland Q. M. Co.,* 64 Cal. 134; *Clay* v. *Field,* 115 U. S. 260; *Stewart* v. *Stewart,* 63 N. W. 886; *A. C. M. Co.* v. *B. & B. Co.,* 17 Mont. 519.)

*Messrs. Forbis & Evans,* for Respondents.

Cited: 1 Ency. Pl. & Pr. pp. 750-752, and cases cited; Van Fleet on Former Adjudication, Secs. 1077, 1086; *Crane* v. *Larson,* 15 Pac. 326; *Holloway* v. *Holloway,* 103 Mo. 274; *Mantle* v. *Speculator Mining Co.,* 71 Pac. 665; 1 Ency. Pl. & Pr. pp. 763, 98; *Mullen* v. *Mullock,* 22 Kan. 598; *Colt* v. *Partridge,* 7 Met. 579; *Damon* v. *Denny,* 54 Conn. 253; Code of Civil Proc. Sec. 950; *French Bank Case,* 53 Cal. 553; *Magauran* v. *Tiffany,* 62 How. Pr. 251; *Perry* v. *Foster,* 62 How. Pr. 228; *Jolly* v. *Bryan,* 86 N. C. 457.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court of Silver Bow county, Montana, to secure a decree establishing plaintiff's

title to an undivided one-fourth interest in the Comanche mining claim, to have the defendant declared to hold the same as trustee for the benefit of the plaintiff, to compel the conveyance of such interest to him, to secure the appointment of a receiver to work the property, an injunction to restrain defendant from converting to its own use ores taken from plaintiff's alleged one-fourth interest in the claim, and for an accounting by the defendant for ores extracted from the claim from the time it came into possession of the same. The complaint sets forth at length the history of the Comanche mining claim, and, among other things, alleges that it was located in 1879 by Turner and Upton; that Largey, Zenor and Bielenberg succeeded to Turner's interest; that Upton conveyed a one-fourth interest in the claim to Tong, and afterwards a one-fourth interest to H. L. Frank, who conveyed the same to this plaintiff; that, while Upton continued to own a one-fourth interest in the property, Tong, Largey, Zenor and Bielenberg wrongfully and fraudulently, and with intent to acquire for themselves the right to Upton's undivided one-fourth interest in the claim, made application for patent, and in said application fraudulently omitted and excluded Upton's name; that they received a patent, organized the Comanche Mining Company, and assumed to convey the entire property to such company, which had actual notice of plaintiff's alleged claim of interest therein; that this plaintiff in 1894 commenced an action in the district court of Silver Bow county against the Comanche Mining Company, Largey, Zenor, Bielenberg, Warren and Tong, to have them declared trustees of an undivided one-fourth interest in the property for his benefit, and to require a conveyance of such interest to him; that on the date of the commencement of such action plaintiff filed with the county clerk and recorder of Silver Bow county, where the property was located, a notice of *lis pendens;* that such action was tried on its merits, and a decree entered adjudging that this plaintiff had no right, title or interest in the property whatever; that from such decree and an order denying his motion for a new trial he appealed to the supreme court;

that such appeal was still pending undetermined in the supreme court at the date of the commencement of this action; that, in addition to the notice conveyed by the notice of *lis pendens*, this defendant had actual notice of the claim of this plaintiff, but, notwithstanding such notice, in 1896 it assumed to purchase from the Comanche Mining Company the entire property, and immediately thereafter went into possession and commenced to extract large quantities of ore from the same. To this complaint the defendant interposed a demurrer upon the following, among other, grounds: (2) That another action is pending between the same parties for the same cause; and (3) that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was by the court sustained, and, the plaintiff declining to amend, judgment was entered in favor of defendant for its costs, from which this appeal is prosecuted.

Section 680 of the Code of Civil Procedure provides that a demurrer may be interposed to a complaint upon the following ground: "(3) That there is another action pending between the same parties for the same cause." In order to invoke successfully this ground of demurrer, it must appear from the face of the complaint (1) that another action is pending, (2) that it is between the same parties, and (3) that it is for the same cause.

1. Section 1895 of the Code of Civil Procedure provides that an action is pending from the commencement thereof until the final determination on appeal, or until the time for appeal has expired, unless the judgment has been sooner satisfied. It appears from the complaint that at the date of the commencement of this action the former action was before the supreme court undetermined on appeal, and was therefore then pending within the meaning of Subdivision 3 of Section 680, *supra*. This is the view taken of a like provision by the Supreme Court of California in *Fisk* v. *Atkinson,* 71 Cal. 452, 10 Pac. 374, 12 Pac. 498.

2. The plaintiff in each action is admittedly the same. It appears from the complaint that the defendant in this action

is the successor in interest of the defendants in the former action; that it purchased the property pending such litigation, and, in addition to the knowledge brought home to it by the notice of *lis pendens,* it had actual notice of plaintiff's claim of interest at the date it purchased the property, and this successive interest or relationship to the same right of property constituted this defendant a privy of the defendants in the former action. The very purpose of *lis pendens* is, and indeed the very purpose which the plaintiff must have had in filing such notice was, to bind any subsequent purchasers, by the decree which he might obtain in the action, to the same extent as though actually parties to the litigation; and the reason of the rule that the term "parties," as used in Subdivision 3 of Section 680, *supra,* includes privies, then becomes apparent, and this we understand the rule to be. (1 Cyc. 33; 21 Ency. Law (2d Ed.), 602; *Crane* v. *Larsen,* 15 Ore. 345, 15 Pac. 326; *Holloway* v. *Holloway,* 103 Mo. 274, 15 S. W. 536.) Applying this test, it is obvious that the parties to this and the former action are the same within the meaning of Section 680, above.

3. Was the former action for the same cause as the present one? That action was brought to have the defendants declared to hold an undivided one-fourth interest in the Comanche claim in trust for the plaintiff, and, primarily, the present action is brought for the same purpose and to secure the same result. The claim made by the plaintiff in each action is the same, based upon the same assertion of title, and none other. As incidents to this primary relief, and dependent absolutely upon this particular claim of title, the plaintiff in this action asks for an injunction, the appointment of a receiver, and an accounting. The general rule for determining the question now under consideration is, if in the former action a judgment had been obtained upon the merits, and that judgment had become final, it could be pleaded in bar of this action. (1 Cyc. 28; *Damon* v. *Denny,* 54 Conn. 253, 7 Atl. 409; *Mullen* v. *Mullock,* 22 Kan. 598.) Or, stated in other words, could the plaintiff in the former action have obtained all the relief which he al-

leges he is entitled to in the present action? If so, he will be required to exhaust his remedy in that action, and will not be permitted to harass or annoy the defendant by maintaining this one. There is reason for this rule; for, if the plaintiff failed in the former action and was declared to have no interest whatever in the property, then he could not maintain this action, and the decree in the former would be an absolute bar to this, for his claim of right is based upon the same alleged title in each instance. If he prevailed in the former action, the defendant in this one, having purchased with actual knowledge of his alleged claim, would be bound by such decree to the extent, at least, which it established the plaintiff's interest in the property and afforded him ancillary relief by way of injunction or the appointment of a receiver, and therefore, under such circumstances, this action to that extent would be entirely useless; for, if he is entitled to an injunction or the appointment of a receiver in this action, he was equally entitled to such relief in his former suit.

But it is contended that the plaintiff is entitled to an accounting by the defendant company for ores extracted since it came into possession of the property, and to that extent, at least, the causes of action are not the same. This gives rise to the inquiry: Does the complaint state facts sufficient to constitute a cause of action for an accounting? It is conceded that the defendant is the owner of an undivided three-fourths interest in the claim in controversy, and therefore no wrong can be imputed to its possession of the common property. In order to change the character of such occupation, the plaintiff must have been wrongfully denied participation in the fruits of the mining operations carried on to the extent of his interest. If he had received his alleged share of the proceeds no complaint could be made upon this branch of the case, or, if he knew or had the means of knowing just what such share actually amounted to, he would have no cause of action for an accounting; for the law does not assume to do for parties that which they may rightfully do for themselves, and particularly does not encourage needless controversies in the courts.

The gist of an action for an accounting is the inability of the plaintiff to procure the same himself, and the refusal of the defendant to render such accounting to him; and this suggests the rule, general in its application, though apparently seldom announced, that a demand by the plaintiff for an accounting and a denial thereof by the defendant are necessary prerequisites to be pleaded and proved, in order to maintain an action for an accounting. (1 Ency. Pl. & Pr. 98; *Jolly* v. *Bryan,* 86 N. C. 457; *Smith* v. *Lawrence,* 26 Conn. 468; *Southworth* v. *Smith,* 27 Conn. 355, 71 Am. Dec. 72; *Kennicott* v. *Leavitt,* 37 Ill. App. 435.)   In the absence of an allegation of demand and refusal, we are of the opinion that the complaint does not state facts sufficient to constitute a cause of action for an accounting, and, as the plaintiff could have obtained in the former action all other relief which he claims for himself in this, we hold that at the date of the commencement of this action the former action was then pending between the same parties for the same cause, and in sustaining the demurrer the lower court committed no error.   The judgment is affirmed.

*Affirmed.*

(Submitted June 19, 1903.   Decided July 9, 1903.)