EPPINGER, administrator, *v.* SEAGRAVES.

ATKINSON, J. On September 14, 1909, Parthena Green instituted an action against W. J. Seagraves, in which she sought to recover possession of described land and mesne profits. The land was described as "fifty acres of land situate in the northwest corner of land lot No. 92 in the second district of formerly Monroe, now Pike County, Georgia, being in a square." It was further alleged, that the plaintiff went into possession of the land in the year 1873, having paid the purchase-money therefor, and remained in possession until December, 1903, at which time the defendant and those under whom he claims ousted her and took possession; that her possession was in good faith, and continued uninterrupted for more than twenty years; and that she claims title by virtue of such possession. The defendant at the first term filed a plea in abatement, setting up the pendency of a former suit in the same court, instituted by the plaintiff against the defendant, seeking to recover the same land. There was an agreement that the judge should try the case upon the plea in abatement, without the intervention of a jury. On the trial the record in the former case was introduced. It appeared that the petition was filed on October 3, 1908, and the suit was pending when the present suit was filed. It alleged that "W. J. Seagraves is in possession of a certain tract of land in the second district of Pike County, containing fifty acres, the same being in a square and being the northeast corner of land lot 92, bounded north by Charlie McCarthy, east by W. J. Seagraves, south by lands in possession of Newt Lindsay, west by lands in possession of N. H. Wilson; the north and south lines being twenty-one chains and fifty links; the east and west being twenty-one chains and thirty-five links." Other allegations were to the effect that petitioner claimed title by virtue of an alleged equity based on payment of the purchase-money and actual possession thereunder from 1868 until about four years before the filing of the suit, when defendant and those under whom he claims ousted her and took possession. The prayer was for vesting of title in petitioner, and recovery of rents, and that a writ of possession issue. The petition was filed and duly

served, and the defendant filed an answer denying all of the allegations. In addition to the record just mentioned, there was parol evidence to the effect that the descriptive averments as to adjoining-land owners were properly given, as applied to the fifty acres of land in the northwest corner of lot 92, but not the fifty acres of land in the northeast corner, and that Parthena Green had never been in possession of the fifty acres in the northeast corner, but had been in possession of the northwest corner. At the conclusion of the evidence the court entered a judgment sustaining the plea in abatement, and dismissed the petition. To this judgment the plaintiff excepted. *Held:*

1. The description of the land sued for, set forth in the first petition, was duplicitous in that it alleged that the land was in the northeast corner of lot 92, and that it was bounded by the lands of designated adjacent proprietors. If the land intended to be sued for was not in the northeast corner of lot 92, but in some other portion of the lot, and the other descriptive averments were applicable, the petition was amendable by striking out all reference to the northeast corner of the lot. Powell on Actions for Land, § 115.

(*a*) The other descriptive averments being applicable to the fifty acres in the northwest corner of lot 92, it follows that the petition was sufficient to proceed for its recovery as there located, and as described in the second petition.

2. Both actions sought recovery of land and mesne profits, and were between the same parties. The judge was authorized to find that they referred to the same land. While there was some difference in the character of the title alleged, and in the former suit there was a prayer that title be decreed to be in plaintiff, this was not a substantial variance, the former suit being sufficiently broad to comprehend all of the relief sought in the latter. Under these circumstances, the judge properly sustained the plea in abatement. Civil Code, §§ 4331, 5678; *Wilson v. Atlanta &c. Ry. Co.*, 115 *Ga.* 171 (41 S. E. 699); *Damon v. Denny*, 54 Conn. 253 (7 Atl. 409); 1 Cent. Dig. p. 55, § 43, p. 123, § 135; United States *v.* Norfolk &c. Ry. Co., 114 Fed. 682 (2); 1 Enc. Pl. & Pr. 762, 763.                *Judgment affirmed. All the Justices concur.*
APRIL 27, 1914.

Complaint for land. Before Judge Daniel. Pike superior court. December 7, 1912.

*E. C. Armistead,* for plaintiff.
*Cleveland & Goodrich,* for defendant.