JOHNSTON, APPELLANT, v. SILVER ET AL., RESPONDENTS.

(No. 4,268.)

(Submitted January 11, 1921.   Decided February 21, 1921.)

[196 Pac. 515.]

*Partnership—Dissolution—Accounting—Complaint—Demand.*

Accounting—Complaint—Demand.
   1.   The gist of an action for an accounting being the inability of
   plaintiff to procure it for himself, the complaint must allege demand
   for and refusal of it by defendant.

Partnership—Dissolution—Accounting—Action Does not Lie, When.
   2.   Where a partnership was formed for the single purpose of erect-
   ing a building and in the agreement the parties had selected a method
   for settlement of its affairs upon consummation of its purpose, they
   were bound to have recourse to that method before calling for aid at
   the hands of the court, and, therefore, an action for dissolution and
   an accounting did not lie in the absence of allegation that the acts of
   the defendant precluded recourse to such method.

*Appeals from District Court, Silver Bow County; John V.
Dwyer, Judge.*

ACTION by Hugh Johnston against J. R. Silver and Joseph
R. Silver, Jr.   From a judgment for the first-named defendant
and for plaintiff against defendant last named, and from an
order denying a new trial, plaintiff appeals.   Affirmed.

*Messrs. Maury, Wheeler & Melzner,* for Appellant, sub-
mitted a brief; *Mr. H. L. Maury* argued the cause orally.

No analogous cases have arisen to this one, but after dili-
gent search and being only able to cite cases on anomalous
situations, we suggest that the opinion of the court in this case
will be a leading case in the law.   The only ones that we have
been able to find anywhere near the point are: *Chilton* v.
*Groome,* 168 N. C. 639, 84 S. E. 1038; *Nelson* v. *Hayner,* 66
Ill. 487; *Van Deusen* v. *Crispell,* 114 App. Div. 361, 99
N. Y. Supp. 874.   Rowley on Modern Law of Partnership,
section 395, makes the offending partner a tort-feasor; in other

2. Accounting between partners upon dissolution of partnership, see note
in 40 Am. St. Rep. 574.

words, there was tort committed by Contractors' Equipment Company against Johnston, Silver and Silver, which all of the partners in the Contractors' Equipment Company should answer for jointly and severally. That, we believe, is the correct view to take of this case. Exodus xxii has a statute on the subject.

*Mr. Francis A. Silver* and *Mr. Wm. Meyer,* for Respondents, submitted a brief; *Mr. Silver* argued the cause orally.

The Contractors' Equipment Company had the right to sell to or buy from the firm of Silver & Johnston, although there was a member common to both partnerships. (30 Cyc. 455; *Curry* v. *Charles Warner Co.,* 2 Marv. (Del.) 98, 42 Atl. 425; *Murrell* v. *Murrell,* 33 La. Ann. 1233; *Freck* v. *Blackiston,* 83 Pa. St. 474.) "It is quite common for partners to buy property from, or to rent or sell property to the firm, to lend it money or to borrow from it, and in many other ways to deal with it as though it were an artificial person." (30 Cyc. 455.) It follows as a logical conclusion that a partner, in selling material or other property to a firm of which he is a member, has the right to make a profit out of the transaction. He is not bound to sell at cost, but, on the other hand, is entitled to receive the reasonable market value. (See cases cited *supra.*)

The findings in the trial court were general—in favor of respondent J. R. Silver and against appellant, and in favor of appellant against respondent J. R. Silver, Jr. Special findings were not requested by either party. One of the controverted facts in the case below was whether or not respondent J. R. Silver was a member of the firm of the Contractors' Equipment Company. Evidence was introduced to prove that he was a member and respondent introduced evidence in refutation. There was a conflict of evidence on this point and the trial court by its judgment found in favor of respondent. There was no express finding on this point, but in accordance with the rule of this court that every finding necessary to

support a judgment will be presumed, or, in other words, that general findings will be deemed to cover all special matters necessary to support the judgment, this fact or finding will be presumed. (*Bordeaux* v. *Bordeaux*, 32 Mont. 159, 80 Pac. 6; *Currie* v. *Montana Cent. Ry. Co.*, 24 Mont. 123, 60 Pac. 989; *Gallagher* v. *Cornelius et al.*, 23 Mont. 27, 57 Pac. 447; 38 Cyc. 1976.) The rule that where there is a conflict of evidence the decree or judgment will not be disturbed unless the findings are clearly against the preponderance of the evidence, we submit, applies to implied and presumed findings, and that for the same reason an implied finding will not be set aside unless manifestly erroneous. (4 Corpus Juris, sec. 2853; 3 Cyc. 371; *Anderson* v. *Cook*, 25 Mont. 330, 64 Pac. 873, 65 Pac. 113.) A finding is treated as a verdict. (*Goldsmith* v. *Murray*, 48 Mont. 337, 138 Pac. 187; *Alywin* v. *Morley*, 41 Mont. 191, 108 Pac. 778; *White* v. *Barling*, 41 Mont. 138, 108 Pac. 654.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On April 20, 1914, the plaintiff and the defendants, father and son, entered into a written agreement of copartnership under the name of Silver & Johnston, for the purpose of erecting a school building mentioned in the agreement as the Washington School, in the city of Butte, under a contract awarded to the plaintiff and defendant J. R. Silver by school district No. 1. Under the terms of the agreement the plaintiff and each of the defendants was to contribute in cash one-third of the capital necessary to erect the building, and to give his attention to the care and superintendence of the work. The profits (or losses, if any) of the enterprise were to be shared equally by the copartners. Account-books showing all transactions in the way of purchase of material, *etc.*, were to be kept and to be open at all times to the examination of the copartners or their legal representatives. No one of the copartners was to contract for, or to participate in, the construc-

tion of any other building during the continuance of the copartnership without the consent of all the others, and then only in the name of the copartnership. The agreement contained these stipulations: "It is also understood and agreed between the parties hereto, that the participation of J. R. Silver and Jos. R. Silver, Jr., individually or in the name of the Contractors' Equipment Company, in the sale, purchase or manufacture of building materials and equipment, will not in any way whatever be construed as a violation of these articles of copartnership. On the dissolution of this copartnership, if the said parties or their legal representatives cannot agree in the division of the stock then on hand, the whole copartnership effects, except the debts due the firm, shall be sold at public auction, at which all parties shall be at liberty to bid and purchase like other individuals, and the proceeds be divided after paying the debts of the firm."

The building was erected and the contract price paid to the copartnership. The complaint alleges that during its erection the defendants "fraudulently and secretly made a profit and obtained secret rebates from certain persons and corporations selling goods, wares, and merchandise, material and supplies to the said partnership, * * * and used in the erection of the said Washington School," particularly materials, sash, doors, *etc.*, bought from the Everett Sash & Door Company at Everett, Washington, and converted them to their own use, on the dates and in the amounts following: July 8, 1914, $165; August 8, $31; December 21, $680.40; January 7, 1915, $601.52. It is alleged that the defendants, aside from these rebates, have in their possession $275 after the payment of all debts of the copartnership, which sum belongs to the plaintiff; that there remains in possession of the defendants a large amount of personal property consisting of a concrete-mixer, a spouting system, tools, implements, *etc.;* and that, though plaintiff has made demand of defendants that they account for and pay to him his share of the said secret rebates, they have refused to do so. The prayer is for a dissolution of the copartner-

ship and for a general accounting and settlement of its affairs.

The defendants in their answer admit that they have in their possession $275 belonging to plaintiff, but deny all the allegations charging them with wrongdoing.

The court found generally that there was due plaintiff from defendant J. R. Silver, Jr., the sum of $757.98 as his share of the rebates, but that nothing was due from J. R. Silver, Sr. It rendered judgment for plaintiff against the former for the amount found due, with costs, and in favor of the latter for his costs. The plaintiff has appealed from the judgment and an order denying his motion for a new trial.

Counsel contend that while the court properly found in favor of the plaintiff as against J. R. Silver, Jr., for the full amount claimed of the rebates, it erred in finding that J. R. Silver, Sr., was not liable in any amount. They also contend that it erred in failing to declare a dissolution of the copartnership and to direct a general accounting and settlement of its affairs.

It appears from the evidence, without dispute, that during the progress of the work, J. R. Silver, Jr., was engaged in conducting a business under the name of Contractors' Equipment Company, a copartnership dealing in building materials, or acting as local agent for manufacturers of such materials; that he negotiated in the name of the Contractors' Equipment Company with the Everett Sash & Door Company for the milled materials required by Silver & Johnston for the Washington School, at a stipulated price to the copartnership of $5,912, with the understanding that the Contractors' Equipment Company should receive from the sash and door company, in the way of rebates in cash, the difference between the price so agreed upon and what J. R. Silver, Jr., in his evidence stated was the wholesale price; that the Contractors' Equipment Company was actually paid this difference, amounting to the sum of $1,595.92. In order to fix liability upon J. R. Silver, Sr., counsel for plaintiff sought to show that he was a

member of the Contractors' Equipment Company and participated in the division with J. R. Silver, Jr., of the amount of the rebates. They assumed the position that the first stipulation quoted above from the copartnership agreement, was conclusive on this point. The stipulation is ambiguous and, standing alone without explanation, would perhaps justify an inference that the two Silvers constituted the company. J. R. Silver, Jr., called by the plaintiff as a witness, was examined at length. He testified that the company was composed of himself and wife, that J. R. Silver, Sr., his father, was not connected with it in any way, and that he did not receive any part of the rebates paid by the Everett Sash & Door Company. J. R. Silver, Sr., also testified to the same effect, though he admitted that he became a member of the firm in April, 1916, about a year after the Washington School had been completed. Both testified that the stipulation was inserted in the agreement solely for the reason that they were at the time conducting business on their own separate accounts and desired to be left at liberty to continue it independently of the copartnership with Johnston. From the testimony as a whole we do not think the court was manifestly wrong in finding that J. R. Silver, Sr., was not a member of the Contractors' Equipment Company. It is true that the evidence is unsatisfactory. After reading it, one entertains a suspicion that neither of the Silvers told the truth. It was the office of the district court, however, to determine the credibility of these witnesses, and with its conclusion in this behalf we do not feel that we should interfere. On the whole, we cannot say that the evidence preponderates decisively against the conclusion reached.

It may be remarked that we cannot ascertain from the record definitely how the court, upon the evidence, arrived at the gross amount of rebates received by J. R. Silver, Jr., nor upon what principle it charged him with substantially one-half the amount found, instead of one-third, to correspond with the interest of the plaintiff in the copartnership of Silver & John-

ston. As J. R. Silver, Jr., does not complain of this obvious error, we pass it without further notice.

Contention is made that the court erred in failing to declare a dissolution of the copartnership and to order a general accounting of its affairs, including a sale of its assets and a distribution of the proceeds among the copartners according to their several interests. The complaint does not allege facts [1] sufficient to warrant relief in this behalf. It does not allege that plaintiff demanded a general accounting and that the defendants refused it. It alleges a demand and refusal by defendants to account for the rebates. Nor does it allege facts showing that a necessity exists for adjudging a dissolution of the copartnership. The gist of an action for an accounting is the inability of the plaintiff to procure it for himself. This is a necessary prerequisite to the maintenance of an action for this character of relief, and therefore the demand and refusal must be alleged and proved. (*Wetzstein* v. *Boston & Mont. etc. M. Co.*, 28 Mont. 451, 72 Pac. 865; *Ayotte* v. *Nadeau*, 32 Mont. 498, 81 Pac. 145.) Furthermore, the [2] copartnership was formed for the single purpose of erecting the Washington School. By the second stipulation of the agreement quoted *supra*, the parties selected the method by which the settlement should be made when the purpose of the copartnership should be consummated. In the absence of allegations showing that the acts of the defendants, or one of them, precluded resort to this method of settlement after demand for an accounting, no one of them could maintain an action for relief. Courts were instituted to enforce rights and to redress wrongs, not to do for parties what they may do for themselves. Upon consummation of the purpose of the copartnership, it was *ipso facto* at an end and nothing was left to be done by the parties but to settle its affairs under the terms of their agreement. Evidently the court construed the complaint as stating a case warranting recovery by the plaintiff of his share of the rebates only and granted him the relief to which he thus showed himself entitled, concluding that the

parties should themselves adjust the other matters about which there was no controversy. However this may have been, it committed no error in refusing to adjudge a dissolution of the copartnership and to order an accounting and settlement.

Contention is made that the court erred in refusing to allow plaintiff to introduce evidence to show that J. R. Silyer, Jr., was wholly insolvent at the time of the trial. There was no error.

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES REYNOLDS, COOPER, HOLLOWAY and GALEN concur.

Rehearing denied March 21, 1921.