476

## 19383. HOOD v. COOLEDGE.

DECIDED MARCH 6, 1929.

*T. J. Ripley, W. M. Bailey,* for plaintiff in error.
*William J. Davis Jr.,* contra.

BLOODWORTH, J. Hood sued Cooledge in the superior court of Fulton county for $58.89, alleged to be a balance due on an open account; the contention of Hood being (as disclosed in a later suit) that Cooledge employed him to superintend a plumbing job and agreed to pay him "twenty-five per cent. on all fixtures and plumbing work," and that there remained a balance of $58.89 due on said contract. Thereafter, and before the trial of Hood's case in the superior court, Cooledge brought suit against Hood in the municipal court of Atlanta, alleging that Hood was due him $100 as overpayment on the same transaction; Cooledge's contention being that his contract with Hood was to pay Hood twenty per cent. of the labor and ten per cent. of the fixtures on said plumbing job, and that he had overpaid Hood in the sum of $100, which Cooledge sought to recover. To the suit in the municipal court Hood filed a plea in abatement, setting up that there was a "suit pending between the same parties over the same subject-matter, in a court of competent jurisdiction," and prayed that the case in the municipal court abate until the case pending in the superior court be tried or disposed of. The trial judge in the municipal court "denied" the plea in abatement, and upon the trial the jury rendered a verdict in favor of Cooledge. A motion for a new trial was overruled. Hood appealed the case to the appellate division of the municipal court, and the appellate division affirmed the judgment of the trial judge. Hood then carried the case to the superior court by certiorari, and that court overruled the certiorari. Hood then brought the case to this court, assigning error on the overruling of his certiorari.

The certiorari alleges various errors, but under our view of the

case it will be necessary only to pass on the issue raised by the plea in abatement. It is not contended by Cooledge that Hood's suit in the superior court "is so defective that no recovery can be possibly had" thereon. This being true, section 5678 of the Civil Code of 1910, providing that "the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement," is controlling. The cases were between the same parties. They arose out of the same transaction—the same contract, and the evidence all pertained to that contract. According to the evidence, Cooledge alleged that he had overpaid on the same contract on which Hood alleged there was a balance due. There was no difference between the parties as to how much had been paid by Cooledge. The difference between them was how much was due Hood for superintending this plumbing job. Cooledge claimed an overpayment for a particular service. Hood claimed a balance due him for the same service. Cooledge claimed he was to pay Hood 20% of labor and 10% of material. Hood claimed that Cooledge was to pay him 25% on labor and material. Both parties based their claim on the *same contract*. It is undisputed that Hood's case in the superior court was filed first, and that the superior court was a court of competent jurisdiction. All the issues that were or could have been tried in the municipal court could have been tried in the superior court. Cooledge could have gone into the superior court and said, "I owe Hood nothing for superintending this plumbing job, but, on the contrary, I have overpaid him $100 for said service and he is indebted to me in said sum." Can the courts say that even though Hood was diligent in filing his suit first in a court of competent jurisdiction, and even though Hood would have to dismiss his suit in the superior court and pay the cost in order to assert his claim in the municipal court, still he must do so in order that the case may be tried in the court of Cooledge's choosing? We think not.

While usually and naturally, when a plea in abatement is invoked on the ground of lis pendens, the same party is plaintiff in both cases as a result of instituting two suits for the same cause of action, we have found no law and can ascribe no reason why the same party need necessarily be the plaintiff in both cases, in order to make the plea sustainable. The statute does not specify

478

the same plaintiff or the same defendant, but does specify "the same parties."

The statute quoted above as being controlling in this case seems to have been the law of our State since 1863. In *Wilson* v. *Atlanta, K. & N. Ry. Co.*, 115 *Ga.* 174 (41 S. E. 699), the Supreme Court says: "A statement of the Connecticut rule, substantially the same as that set forth in the language just quoted, is embraced in our Civil Code, § 5094 [§ 5678 of the Code of 1910] which reads as follows: 'A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement; but if the first action is so defective that no recovery can be possibly had, the pendency of a former suit will not abate the action.' As this language is identical with that appearing in the Code of 1863, § 3407, it would seem that the codifiers intended to adopt the Connecticut rule." In *Eppinger* v. *Seagraves*, 141 *Ga.* 639 (2) (81 S. E. 1035), it was held: "Both actions sought recovery of land and mesne profits, and were between the same parties. The judge was authorized to find that they referred to the same land. While there was some difference in the character of the title alleged, and in the former suit there was a prayer that title be decreed to be in the plaintiff, this was not a substantial variance, the former suit being sufficiently broad to comprehend all of the relief sought in the latter. Under these circumstances the judge properly sustained the plea in abatement." It will be noted that in that case the actions "referred to the same land." In the instant case the actions referred to the *same contract*. In *Heath* v. *Bales*, 70 *Ga.* 634, the Supreme Court said: "The pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, is a good cause of abatement; but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit will not abate the action. Code, 3476. See in connection Ib., sec. 2894, in which a suitor is put to his election where two actions are commenced and prosecuted simultaneously for the same cause; but if commenced at different times, the pendency of the former is a good defense to the latter. These rules are applicable also to torts, and the only exception which the code makes to them is in cases of attachments pendente lite, and in

cases by informers, wherein the first filed in office for the same cause of action has precedence, and the latter abates." In the case of *Singer* v. *Scott,* 44 *Ga.* 661 (2), the Supreme Court said: "The first objection as well as the entry on the declaration by the clerk, which is an official entry, required by law, and is, therefore, evidence, shows that the case called and tried was brought when there was another suit for the same matter pending in the same court, between the same parties. . . In such a case the Code, § 2843, provides that the pendency of the first suit may be pleaded in abatement of the second. The record shows that this plea was filed. It would be making this provision of the code a nullity to permit the plea to be evaded by dismissing the first suit after the plea was filed. It would be in effect to give the plaintiff the right to elect, when the statute declares that, though he may do this if the suits be brought simultaneously, the plea of former suit pending is a good plea to the latter if the two be brought at different times. Our Code fixes the period at which a suit is pending, to wit: When the writ is filed in office." The reason for the rule as laid down in the Civil Code, § 5678, is obvious. Since Hood filed his suit in the superior court first, and since Cooledge could have asserted his claim in that court, Hood should not be vexed, oppressed, and put to the unnecessary expense of dismissing his suit and paying the cost in order to try the same issues in a court of Cooledge's selection. In the case of *Rogers* v. *Hoskins,* 15 *Ga.* 270 (2), the Supreme Court lays down the rule as stated in our Code, § 5678; and on page 274 Lumpkin, J., speaking for the court, said: "But what is the reason for the rule to which I have adverted, and to be found in all the elementary works on pleading—that the pending of a prior suit between the same parties, and for the same cause of action, is good cause of abatement? It is because the second suit is unnecessary, and consequently oppressive." And in *Maher* v. *State,* 53 *Ga.* 448, 451 (21 Am. R. 269), the Supreme Court, speaking of a prior prosecution, said: "The judgment is put upon the principle that where there are two courts with concurrent jurisdiction, the one first exercising it acquires control of the case to the exclusion of the other."

The controlling issue in each of these cases was the same, viz., whether Cooledge agreed to pay Hood 25% on labor and fixtures, or whether he agreed to pay him 20% on labor and 10% on fix-

tures. The same evidence would be admissible in each case should the defending party plead a set-off or recoupment. The issue could have been thrashed out in the first suit filed in the superior court. The policy of the law is to keep down litigation and avoid a multiplicity of suits, and where two courts have concurrent jurisdiction the rule is for that court to have precedence which first obtains jurisdiction. Should the judgment rendered in favor of Cooledge in the municipal court be allowed to stand, Cooledge could plead it in bar to Hood's suit in the superior court. Section 4335 of the Civil Code of 1910 declares that "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." In *Hartell* v. *Searcy,* 32 *Ga.* 190, the court held that "A party is not entitled to the judgment of two separate and independent tribunals, upon the same subject-matter, and a judgment rendered in one will be a bar to a second hearing in the other; and, upon proof of the first judgment, the case pending before the other tribunal will be dismissed." In the case of *Miller* v. *Franklin,* 14 *Ga. App.* 180 (2) (80 S. E. 549), this court quoted section 4336 of the Civil Code, as follows: "A judgment of a court of competent jurisdiction is conclusive between the same parties . . as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." See also *Acree* v. *Bandy,* 20 *Ga. App.* 135 (92 S. E. 765); *Wade* v. *Hurst,* 143 *Ga.* 29 (84 S.E. 65).

The trial judge erred in denying the plea in abatement; all proceedings thereafter were nugatory; and the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*