### 39817. BBMS, INC. et al. v. BROWN.

GREGORY, Justice.

In November 1980 Brown and Slutsky entered into an agreement whereby Slutsky promised to sell to Brown 248 shares[1] of stock in BBMS, Inc., a corporation managing franchised weight-loss clinics, for $96,000.[2] According to this agreement, Brown and Slutsky were the only shareholders in the corporation with Brown bearing the responsibility for "the day to day transactions" of the corporation. Within a short period of time Brown paid for the stock and was issued a stock certificate of ownership. Brown continued to manage the weight-loss centers, drawing a monthly salary as provided by the terms of the agreement in addition to receiving stock dividends. In May 1982 Slutsky discharged Brown from employment with the corporation.

---

[1] These shares represent a 49% interest in the corporation.

[2] Under the agreement Brown was permitted to pay $90,000 of this amount out of "the net earnings of the corporation."

In July 1982, Brown unsuccessfully attempted to purchase Slutsky's 51% interest in the corporation for an amount in excess of $300,000. In August 1982, Brown refused Slutsky's offer of $225,000 for her interest in the corporation. In September 1982 Slutsky notified Brown of his intent to exercise the option to buy her stock at par value under the terms of the 1980 agreement. Paragraph 9 of this agreement provides:

"In the event that BROWN leaves the employ of BBMS, Inc. prior to having paid the full purchase price set forth herein (except by reason of her death) this Agreement shall terminate and any stock not yet paid for by BROWN shall be cancelled and held as treasury stock of BBMS, Inc. In addition thereto, immediately upon the termination of her *employment (except by reason of her death) SLUTSKY shall have the option of purchasing from BROWN, at par value, all the stock which BROWN had previously paid for and was entitled to.* Upon the tender to BROWN of the option price, the escrow agent shall release such stock as was credited to BROWN unto SLUTSKY and said escrow agent shall have no further obligations to either party." (Emphasis supplied.) Thereafter, Slutsky tendered to Brown a check for $248, representing the par value of the stock, which Brown refused to accept. Slutsky then sued Brown in Cobb Superior Court,[3] praying for specific performance of the option clause of the agreement. Brown answered and counterclaimed, praying for a declaratory judgment establishing her rights and obligations under the option clause of the agreement.

Prior to any decision by the trial court in Cobb County, Brown filed an identical complaint for declaratory judgment against Slutsky in DeKalb County.[4] Brown later amended this complaint to include a shareholder's derivative action against BBMS, Inc.[5] Slutsky filed a motion to dismiss the DeKalb County suit based on the suit pending in Cobb County. The DeKalb Superior Court denied the motion to dismiss and enjoined Slutsky from proceeding with the Cobb County suit. Slutsky appeals from these rulings.

Slutsky urges that under OCGA § 9-2-44 (Code Ann. § 3-607), the DeKalb County action should be abated. This section provides, in part, "[a] former recovery, or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement.

[3] Brown is a resident of Cobb County.
[4] Slutsky is a resident of DeKalb County.
[5] The principal place of business of BBMS, Inc., is DeKalb County.

However, if the first action is so defective that no recovery can possibly be had, the pendency of a former action shall not abate the latter." It has been held that "a too technical reading of the provision regarding 'the same cause of action, between the same parties' would be ill-conceived . . . [A] plea in abatement [is] good even where the causes of action are, technically speaking, legally disparate and rest in opposite parties, if they arise out of the same transaction and if the second suit would resolve the same issues as the first pending suit and would therefore be 'unnecessary, and consequently oppressive.' " *Schoen v. Home Federal Savings &c. Assn. of Atlanta,* 154 Ga. App. 68 (267 SE2d 466) (1980); *Hood v. Cooledge,* 39 Ga. App. 476, 479 (147 SE 426) (1929). Brown argues that if the DeKalb court suit is abated she will be forced to try two related lawsuits because she is unable to sue one of the necessary parties in Cobb County. We note that in her shareholder's derivative action, filed in DeKalb County, Brown alleges that Slutsky has violated his corporate duties by mismanaging and wasting corporate assets "for his own personal gain to the detriment of the corporation." Brown further contends that "Slutsky is the alter-ego of BBMS and it has no separate existence apart from him." We find that under the facts of this case Brown may obtain relief by bringing a direct action in Cobb County against Slutsky.[6] *Thomas v. Dickson,* 250 Ga. 772 (301 SE2d 49) (1983). The allegations in Brown's DeKalb County complaint make it clear that she is the only injured shareholder. Therefore, as was the case in *Thomas v. Dickson,* the "reasons requiring [shareholders] derivative suits do not exist." 250 Ga. at 774. There will not be a "multiplicity of lawsuits, and there is no concern that a recovery by [Brown] will prejudice the rights of other shareholders." 250 Ga. at 774-5.

We hold that the trial court erred in denying Slutsky's motion to dismiss and enjoining Slutsky from proceeding with the pending suit in Cobb County.

*Judgment reversed. All the Justices concur, except Weltner, J., who concurs specially.*

DECIDED SEPTEMBER 8, 1983.

*Schwall & Heuett, Emory A. Schwall, Robert J. Kaufman,*

---

[6] We hold here only that Brown has a cause of action against Slutsky which may be brought, by amended counterclaim, in Cobb County. By doing so we do not reach the issue of the impact of the option clause of the November 1980 agreement on the outcome of Brown's claim.

*Fredric Chaiken,* for appellants.

 *Frankel, Hardwick, Tanenbaum, Fink & Clark, William F. Clark, Douglas H. Reynolds, Jr., John S. Graettinger, Jr.,* for appellee.

WELTNER, Justice, concurring specially.

 I concur in the judgment only for the reasons set out in my special concurrence in *Thomas v. Dickson,* 250 Ga. 772, 776 (301 SE2d 49) (1983).