JOHN R. GREENAMEYER V. ISAAC C. COATE.

(Filed January 13, 1903.)

1. **FORCIBLE ENTRY AND DETAINER—Complaint—Sufficiency of.**
In an action of forcible entry and detainer, or forcible detainer, it is not necessary for the complaint to contain a statement of the particular facts relied upon to constitute the alleged forcible entry or forcible detainer, but such complaint is sufficient in this regard if it contains the language of the statute. (Following **Richardson** et al. v. Penny, 6 Okla. 328.

2. **SAME—Action, Commenced How.** Actions for forcible entry and detainer or forcible detainer, are commenced by the filing of complaint and causing summons to issue thereon, and such actions are not deemed to be commenced until summons has issued, and this regardless of the date when the complaint was verified.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Ransom & Bailey,* for plaintiff in error.

*Barnum & Burns,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action of forcible entry and detainer was commenced before C. S. Robb, justice of the peace, of the city of Newkirk, county of Kay, September 15, 1900, by filing with the said justice of the peace on said day a verified complaint, and causing summons to issue thereon, which complaint so filed is in words and figures, to-wit:

"Before C. S. Robb, justice of the peace in and for the city of Newkirk, Kay Co., Okla.

"*Isaac C. Coate, Plaintiff, v. John R. Greenameyer, Defendant.*

"COMPLAINT IN FORCIBLE ENTRY AND DETAINER.

"Comes now the plaintiff, Isaac C. Coate, and for his bill of particulars and complaint herein, states that he is the owner of and entitled to the immediate possession of the following described real estate, to-wit: Lots one and two, and the east half of the northwest quarter of section eighteen, in township twenty-six, north of range two east of the Indian Meridian, in Kay county, Oklahoma Territory; that the defendant unlawfully, wrongfully and forcibly detains and withholds the possession of said land and real estate, or a part thereof, from this plaintiff, and though plaintiff is and at all times herein mentioned was entitled to the immediate and peaceable possesion thereof.

"Plaintiff further states that on the 10th day of September, A. D. 1900, he served upon the defendant in said county, personally, a notice in writing to leave, vacate and quit the premises, and every part thereof, within three days, or an action of forcible entry and detainer would be brought to compel the same; that the said defendant has failed and refused to comply with said notice, but still unlawfully and wrongfully detains the possession of said premises from this plaintiff, who is entitled to the immediate possession thereof.

"Wherefore, plaintiff prays judgment against the said defendant for the possession of each and every part of said real estate, to-wit: lots one and two and the east half of the northwest quarter of section eighteen, township twenty-six, range two east I. M., for the cost of this action, and all other proper relief.

"J. F. KING, Attorney for Plaintiff."

The complaint so filed was verified on the 11th day of September, 1900, one day after the service of notice upon the defendant by the plaintiff, to quit and vacate the premises, described in said complaint, for the recovery of which action was about to be brought. Pursuant to summons, on the 21st day of September, 1900, the defendant appeared before the justice of the peace issuing the same and moved to quash the summons, for the reason that the same was issued in violation of sec. 171 of the justice procedure, which motion being overruled the defendant, on said day filed a demurrer to the said complaint on the ground that the same did not state grounds sufficient to constitute a cause of action, which demurrer was by the justice overruled, and was also overruled by justice of the peace, W. H. Smart, of Kay county, who heard the same upon a change of venue from Justice's Robb's court. After judgment in favor of the plaintiff in the justice's court, said cause was removed by appeal to the district court, where a hearing was had upon said demurrer, and the same was again overruled; and upon introduction of evidence on behalf of plaintiff, counsel for the defendant demurred to the evidence offered on behalf of the plaintiff, which demurrer was also overruled.

After hearing the evidence offered on behalf of the defendant, the court rendered judgment in favor of the plaintiff, and against the defendant, for the possession of the premises.

The defendant brings the case to this court for review, and alleges seven grounds of error in his motion for a new trial. Only two propositions are, by the briefs of counsel, submitted to the consideration of this court: 1st. The suf-

ficiency of the complaint.     Second. That the action was prematurely brought.

Upon the first proposition, counsel for plaintiff in error predicate the same upon the overruling of the demurrer, and urge that the complaint was insufficient, for the reason that the allegations of the complaint are mere conclusions, and that no fact appears upon which such conclusions were based. The cause of *Rice v. West,* 10 Okla. 1, decided July 21, 1893, is the only authority presented in support of this contention.   In *Rice v. West,* the opinion was expressed that in this class of cases the complaint, in order to be sufficient, should state the mode by which a person has made an unlawful forcible entry or detainer of the property, and that it should be set forth to enable the defendant to fairly understand how and with what he is charged.   If this is a correct requirement of the provisions of the statute, the complaint in this action would be, manifestly insufficient.

The rule laid down in *Rice v. West,* was expressly overruled in the subsequent case of *Richardson et al. v. Penny,* 6 Okla. 328, in which the court used the following language:

" That portion of the decision in *Rice v. West,*   *   *   * holding that a complaint in an action of forcible entry and detainer, or of forcible detainer, must contain a statement of the facts upon which the alleged force is  based, is therefore, overruled. (Citing *Barto v. Abbe,* 16 Ohio, 408; *Brown v. Burdick,* 25 Ohio St. 260; *McAlpin v. Purse,* [Ga.] 12 S. E. 412.)

The complaint in this action charged that the defendant unlawfully, wrongfully and forcibly detains and withholds possession of the premises, and this we think, a sufficient al-

legation to put the defendant upon his defence in an action of forcible entry and detainer.

With reference to the second ground presented for reversal of the judgment complained of, it is contended by counsel for plaintiff in error, as follows:

"That the three days' notice required by the statute was not served in time, appears by the face of the complaint, viz:

"It is specifically charged that this notice was served on September 10, 1900, and the complaint was verified on September 11, 1900, the very next day.

"The essence of the offence in this action lies in disregarding the notice and demand for possession. Three full days are by the terms of the statute given the party in possession in which to remove from the land. This action was brought, therefore, before the offense sought to be charged therein existed, as appears on the very face of the complaint itself."

This contention is not tenable. An action is not commenced by the verification of the complaint, or as of the date of verification. By section 9, article 2 of chapter 67, of the Statutes of 1893, it is provided:

"Actions before justices of the peace are commenced by summons, or by appearance and agreement of the parties, without summons. In the former, the action is deemed commenced upon the delivery of the writ to the constable to be served."

In this case the notice to vacate the premises was served on September 10, 1900, and as shown by the record the complaint in forcible entry and detainer was filed in the justice

of the peace court of C. S. Robb, on the 15th day of September, 1900, and on said day summons was issued thereon by said justice. From this it will appear that the action was not commenced and summons was not issued in the case until the fourth day after the notice to vacate. While it is true that the complaint was verified on the 11th day of September, one day after the service of the notice, this act of verification is not the commencement of the action, as urged by the counsel for plaintiff in error. The action was not commenced until the complaint was filed with the justice and the summons was issued; this being done four days after the notice to vacate, the conditions of the statute were complied with in this respect and the action properly brought in point of time after the notice.

It is true that the complaint was verified on the 11th of September, the next day after the notice to vacate was served. Was it necessary that the verification should affirm that the notice was served three days before the date of the verification? Such is not the requirement of the statute. The statute in providing that the action shall be commenced upon a complaint in writing under oath, sets forth what is necessary to be shown under oath, and this is the particular premises sought to be recovered, and the fact of unlawful detention, by either an unlawful entry and detainer, or an unlawful forcible detention, after a lawful and peaceable entry.

These facts were shown by the verified complaint which was filed, and upon the filing of which this action was commenced by the issuance of a summons four days after notice to vacate.

Such complaint was sufficient to give the court jurisdic-

tion of the subject-matter, and upon appearance of parties, pursuant to summons issued, jurisdiction to try and determine the case.

In the opinion of this court it is better practice to verify a complaint as of the date of filing the same, and of the date of issuing the summons; and where, as in this case, an appearance is made by the defendant, and the action is defended on a plea of not guilty, and not on the ground of having complied with the requirements of the notice, the lapse of time between the date of verification and the time of filing the complaint, where the complaint was verified after the notice to vacate, is not a matter so affecting the substantial rights of the parties as to justify reversal of the judgment.

There is no prejudicial error shown, and the judgment of the district court must, therefore, be affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.