## BIARD *et al.* v. LAUMANN.

No. 939.    Opinion Filed June 27, 1911.

(116 Pac. 780.)

1.  **LANDLORD AND TENANT—Pleading—Bill of Particulars—Demurrer.** Where, in an action of forcible entry and detainer brought on a written lease contract for failure to pay the rent provided for therein, it was made to appear that under the contract attached to the bill of particulars plaintiff agreed to furnish certain trees for defendant to plant, and occupation, failure to pay rent, and the statutory notice to quit being duly pleaded, a demurrer to the same will not be sustained because of plaintiff's failure to allege his full compliance with his contract where it is not pleaded nor made to appear that defendants' duty to pay rent was in any wise contingent upon the furnishing of the trees.

2.  **PLEADING—Demurrer—Bill of Particulars.** A demurrer to a bill of particulars on the ground that there is another action pending between the same parties for the same cause of action should be overruled where it is not made to appear that such fact appears on the face of the pleadings.

(Syllabus by the Court.)

*Error from Murray County Court; Harry W. Fielding, Judge.*

Action by T. B. Laumann against J. W. Biard and J. H. Biard. From an order overruling a demurrer, defendants bring error. Affirmed.

*J. P. Lockwood,* for plaintiffs in error.

DUNN, J. This case presents error from the county court

of Murray county. The only question presented is error in overruling a demurrer filed by the defendants to plaintiff's bill of particulars in a forcible entry and detainer action. Plaintiff pleaded and relied upon a written lease contract under which defendants occupied and were to pay rent for the lands specified therein. It was pleaded that plaintiff agreed to furnish certain fruit trees for planting on the land and to pay defendants at the end of the term certain prices for such as were then living and of specified ages. The bill of particulars alleged that statutory notice to quit and vacate had been given.

The demurrer is upon two counts: First, that the bill of particulars did not state facts sufficient to constitute a cause of action; and, second, that another suit was pending in the county court between the same parties plaintiff and defendant which involved the same issues and required the same nature of proof. Under the first paragraph of the demurrer defendants insist that the bill of particulars fails to state a cause of action because it was not pleaded therein that the plaintiff had complied with his part of the contract in furnishing the trees mentioned. As it is not made to appear that the agreement to pay rent depended in any way upon plaintiff's furnishing the trees, the court's action in overruling the demurrer was not error. It is sufficient to state the cause of action in the language of the statute. *Greenameyer v. Coate,* 12 Okla. 452, 72 Pac. 377; *Richardson et al. v. Penny,* 6 Okla. 328, 50 Pac. 231. The averments as to the notices to terminate the tenancy and to quit might have been pleaded with more particularity, but no motion was filed to secure this and the statement was sufficient on demurrer.

On the second paragraph of counsel's demurrer the abstract does not disclose that it was made to appear upon the face of the bill of particulars that there was another action pending between the same parties for the same cause, and, except where such facts appear upon the face of the pleading, it is not a ground for demurrer. Therefore overruling one filed on this ground is not error. Section 5629, Comp. Laws Okla. 1909; 1 Ency. Pl. & Pr. 773; 1 Standard Ency. of Proc. p. 1034. In order to invoke

successfully this ground of demurrer, it must appear upon the face of the complaint, first, that another action is pending; second, that it is between the same parties; and, third, that it is for the same cause. *Wetzstein v. B. & M. C. C., etc., Co.*, 28 Mont. 451, 72 Pac. 865. None of these things are shown to have been apparent from the face of the pleading, and the judgment of the trial court is accordingly affirmed.

TURNER, C. J., and KANE and WILLIAMS, JJ., concur; HAYES, J., absent and not participating.