## SKIRVIN v. BASS FURNITURE & CARPET CO.

No. 4544.   Opinion Filed September 22, 1914.

(143 Pac. 190.)

1.   **APPEAL AND ERROR**—Frivolous Appeal—Dismissal.   This court has the inherent power, and it is its duty to dismiss an appeal which is manifestly and palpably frivolous and without merit.

2.   **SAME.**   Where, upon the examination of the petition in error and the motion to dismiss, it is clearly disclosed that the appeal is manifestly frivolous and without merit, the appeal will be dismissed.

3.   **SAME.**   The motion to dismiss and the petition in error show that plaintiff in error had no legal defense to the cause of action, and in the trial court the cause of action was admitted; that the appeal is manifestly frivolous and without merit.   Held, that it is proper for this court to sustain such motion and dismiss the appeal.   It is so ordered.

(Syllabus by the Court.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by the Bass Furniture & Carpet Company against W. B. Skirvin.   Judgment for plaintiff, and defendant brings error.   Dismissed.

*Asp, Snyder, Owen & Lybrand,* for plaintiff in error.

*Wilson & Tomerlin,* for defendant in error.

RIDDLE, J.   The defendant in error, plaintiff below, on the 13th day of May, 1912, recovered judgment for $510.40 against the plaintiff in error, defendant below, upon a certain promissory note.   Defendant in his answer admitted the execution of the note for value and ownership in plaintiff, as alleged. He admitted the indebtedness evidenced by the note, and alleged that prior to the execution of the note it was agreed between plaintiff and defendant, as an inducement to defendant to execute the note, that, in the event defendant should be unable to pay said note at maturity, the time of payment would be ex-

tended for a period of six months. He further alleged that at the maturity of the note and at the time of the filing of his answer he was unable to pay said note, and prayed judgment. A general reply was filed to defendant's answer. Subsequently thereto plaintiff filed a motion for judgment on the pleadings, which motion was sustained, and judgment rendered as above set out.

Proceeding in error has been instituted in this court by the defendant. The only errors assigned are: (1) That the court erred in considering and sustaining the motion for judgment on the pleadings, in that a reply had been filed to the answer; (2) error in sustaining the motion and rendering judgment, because the answer raised an issue of fact, which issue should have been tried by the court. Defendant in error has filed his motion to dismiss said proceeding in error, and alleges as a reason that said appeal is frivolous and without merit. The case of *Skirvin v. Goldstein*, 40 Okla. 315, 137 Pac. 1176, is cited and relied upon.

We are of the opinion that this motion brings the defendant in error within the rule laid down by this court in the above-cited case. Where, upon an examination of the petition in error and the motion to dismiss, it clearly appears that there is no merit in the appeal, but that the same is prosecuted purely for delay, and that the appeal is manifestly frivolous, this court has the inherent power, and it is its duty, to dismiss such appeal in the interest of justice. It must not be understood, however, that this court, on a motion to dismiss upon the ground that the appeal is frivolous and prosecuted for delay, will examine into the merits of the case, when to do so would require an examination into the record, in order to determine the question as to whether or not there is merit in the appeal. It is only when it is clearly disclosed from the petition in error and the motion to dismiss that there is no merit in the appeal and that the same is manifestly frivolous that this court is authorized to dismiss such proceeding. In this case it is clearly shown from the petition in error and motion to dismiss that the plaintiff in error presented no legal defense to the cause of action of the defendant in error in the trial court; and hence no errors of the trial court are pre

sented to this court for review. The motion to dismiss discloses the alleged grounds of defense to plaintiff's cause of action, which are not denied or controverted. No legal defense was alleged, and a motion for judgment on the pleadings was proper, if the plaintiff preferred to take that course, rather than demur to the answer. In effect, they were practically the same.

For the foregoing reason, the motion to dismiss is sustained. All the Justices concur.