## MYERS *et al.* v. HUNT *et al.*

No. 6969.    Opinion Filed December 22, 1914.

APPEAL AND ERROR—Frivolous Appeal—Dismissal. It clearly appears from the motion to dismiss the petition in error and the judgment appealed from that this appeal is prosecuted for delay, and that plaintiffs in error had no valid defense to defendants in error's cause of action, and that this appeal is manifestly frivolous. Held, that said motion to dismiss should be sustained under the authority of Skirvin v. Bass Furniture and Carpet Co., 43 Okla. 440, 143 Pac. 190, and Skirvin v. Goldstein, 40 Okla. 315, 137 Pac. 1176.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*

*R. McMillan, Judge.*

Action between Joe F. Myers and others and Miles H. Hunt and others. From the judgment, the parties first named bring error. Dismissed.

*Blanton & Andrews,* for plaintiffs in error.

*Everest, Smith & Campbell,* for defendants in error.

RIDDLE, J. Motion to dismiss the appeal has been filed upon the ground, among others, that the appeal is frivolous and not taken within the time allowed by law. No response has been filed to this motion. Judgment was rendered in the court below on May 14, 1914, sustaining motion of defendants in error for judgment on the pleadings. The judgment of the court recites that:

"And thereupon the plaintiff announced ready for trial upon his motion for judgment upon the pleadings, and upon the merits of said cause, and said defendants, appearing, announced in open court that they had no defense to the action of the plaintiff herein."

From the language quoted, *supra,* and the petition in error and motion to dismiss, it appears beyond doubt that this appeal is prosecuted for delay, and that the same is manifestly frivolous and without merit. It clearly appears from said judgment and motion to dismiss that defendants had no valid defense to plaintiffs' cause of action.

In *Skirvin v. Bass Furniture & Carpet Co.,* 43 Okla. 440, 143 Pac. 190, the third syllabus reads:

"The motion to dismiss the petition in error shows that plaintiff in error had no legal defense to the cause of action, and in the trial court the cause of action was admitted; that the appeal is manifestly frivolous and without merit. *Held,* that it

is proper for this court to sustain such motion and dismiss the appeal."

See also, *Skirvin v. Goldstein,* 40 Okla. 315, 137 Pac. 1176.

For the reasons stated herein, the appeal is dismissed.

All the Justices concur.