## SHEIL *et al.* v. WINTERS.

No. 6940.  Opinion Filed February 2, 1915.

(146 Pac. 220.)

**APPEAL AND ERROR—Frivolous Appeal—Dismissal.** Appeal dismissed upon the ground that it is manifestly and palpably frivolous and without merit.

(Syllabus by the Court.)

*Error from District Court, Texas County;*

*W. C. Crow, Judge.*

Action by Maggie Winters against J. C. Sheil and others. Judgment for plaintiff, and defendants brings error.  Dismissed.

*Gleason & Breslin,* for plaintiffs in error.

*R. L. Cooke,* for defendant in error.

KANE, C. J.  This cause comes on to be heard upon the motion of the defendant in error to dismiss the appeal upon the ground, among others, that "this appeal is manifestly frivolous, without merit, and intended only to delay."  Immediately following this ground for dismissal by way of argument, counsel for the movant continues:

"The record in this court shows that the plaintiffs in error, defendants below, were either duly served with summons or waived the issuance and service of summons; that the petition of the defendant in error, plaintiff below, set up as a cause of action a certain promissory note, * * * made and executed by J. C. Sheil, defendant below, and delivered to the plaintiff below, payable to order of Maggie Winters on September 24, 1913, and a certain real estate mortgage executed by the said J. C. Sheil to secure the payment of said note, on the following described

real estate, to wit, * * * and asked for a personal judgment against the said J. C. Sheil for the amount of the note with interest and the costs of the suit and for a foreclosure of the mortgage. The record further shows that the defendants below defaulted and made no defense whatever, and that no motion for a new trial has been made, and that there is no defense to the action."

This motion and argument was served upon counsel for plaintiffs in error, but no response was made thereto. If what counsel for movant says in regard to the record is correct—and not being disputed, and for the purpose of this motion we will assume that it is—the cause clearly falls within the rule laid down by this court in the cases of *Kirkland v. Trezevant,* 38 Okla. 445, 134 Pac. 1198, *Skirvin v. Goldstein,* 40 Okla. 315, 137 Pac. 1176, and *Skirvin v. Bass Fur. & Car. Co.,* 43 Okla. 440, 143 Pac. 190, wherein it is said:

"This court has the inherent power, and it is its duty, to dismiss an appeal which is manifestly and palpably frivolous and without merit."

The motion to dismiss is sustained upon the authority of the cases cited.

All the Justices concur.