DEAN *et al.* v. STORM.

No. 7284.    Opinion Filed May 4, 1915.

(148 Pac. 732.)

1.  ABATEMENT AND REVIVAL—Demurrer—Grounds—Pendency of Another Action. By section 4740, Rev. Laws 1910, a demurrer may be filed to a petition on the ground that there is another action pending between the same parties for the same cause only when the defect urged by the demurrer is apparent on the face of the petition.

2.  APPEAL AND ERROR—Frivolous Appeal—Dismissal—Overruling of Demurrer. Where such defect does not appear on the face of the petition, it is not error to overrule a demurrer which urges only the objection that there is another suit pending wherein the same issues are involved, and a petition in error which assigns no other error than the action of the court in so doing presents no error which may be reviewed by this court, and on motion will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Paul G. Storm against Walter C. Dean and another. Judgment for plaintiff, and defendants bring error. Dismissed.

*Douglas B. Crane,* for plaintiffs in error.

*Everest & Campbell,* for defendant in error.

HARDY, J.    This case is presented on motion to dismiss. From the case-made filed herein it appears that on October 2, 1914, Paul G. Storm commenced an action in the district court of Oklahoma county against Walter C. Dean and J. N. Dodson, by filing his petition in the office of the clerk of the district court of Oklahoma county, wherein he sought to recover judgment in the sum of $1,000 on a certain promissory note described therein. The petition was in the usual form, alleged the execution of the note, and set out its terms, and attached a copy of

said note to the petition, alleged presentment for payment and refusal, and protest of same for nonpayment, and that notice of said protest was duly given to said J. N. Dodson, who was indorser thereon, and that plaintiff was the owner and holder of said note, and no part thereof had been paid.   On October ———, 1914, defendants in said court and cause filed their demurrer to the petition, which demurrer is as follows:

"Come now the defendants and demur to the petition of the plaintiff in the above numbered and entitled cause, and in support thereof state that there is another cause pending wherein the same issues are in involved, said cause being 14816 in the district court within and for Oklahoma county, state of Oklahoma."

Thereafter, on November 21, 1914, said demurrer was overruled, and defendants excepted, and filed their petition in error in this court, asking to have said order overruling their demurrer reviewed herein.   Defendant in error files his motion to dismiss the appeal on the ground that the same is frivolous.

Section 4740, Rev. Laws 1910, provides when and for what reasons a demurrer to a petition may be filed, and is in part as follows:

"Demurrer to Petition.—The defendant may demur to the petition only when it appears on its face, either: * * *

"Third.   That there is another action pending between the same parties for the same cause."

It is apparent that this section only authorizes the filing of a demurrer to the petition when the objection complained of is apparent on its face.   No such defect appears in the petition in this case, and, so far as this record is concerned, the only information the court has that such a cause is pending is the statement in the demurrer.   Section 4742, Rev. Laws 1910, provides:

"Answer—Implied Waiver of Defects.—When the defects do not appear upon the face of the petition, the objection may be taken by answer. * * * "

Upon the overruling of the demurrer the plaintiffs in error declined to plead further, and elected to stand upon their demurrer, and the action of the court thereon is the only error presented in the appeal.

The case of *Biard et al. v. Laumann*, 29 Okla. 138, 116 Pac. 780, was a case where this question was presented, and Mr. Justice Dunn, speaking to the point here involved, said:

"On the second paragraph of counsel's demurrer the abstract does not disclose that it was made to appear upon the face of the bill of particulars that there was another action pending between the same parties for the same cause, and, except where such facts appear upon the face of the pleading, it is not a ground for demurrer. Therefore overruling one filed on this ground is not error. Section 5629, Comp. Laws 1909 (section 4740, Rev. Laws 1910); 1 Ency. Pleading & Practice, 773; 1 Standard Ency. of Procedure, p. 1034. In order to invoke successfully this ground of demurrer, it must appear upon the face of the complaint: First, that another action is pending; second, that it is between the same parties; and, third, that it is for the same cause. *Wetzstein v. B. & M. C. C., etc., Co.*, 28 Mont. 451, 72 Pac. 865. None of these things are shown to have been apparent from the face of the pleading, and the judgment of the trial court is accordingly affirmed."

It will thus be seen that upon the record before us no error was committed by the trial court, and, no error being alleged in the petition in error other than the action of the court in overruling the demurrer to the petition, there is no error presented which can be reviewed on this appeal. Even if the question might be presented in this way, yet the allegations of the demurrer are not sufficient, because it is not made to appear that the cause pending is between the same parties and for the same matter; and

for these reasons, even if the matter could be presented by demurrer, the allegations thereof would not be sufficient.

On this state of the record we are constrained to hold that the appeal is frivolous, and prosecuted for the purpose of delay merely, and under the authority of *Skirvin v. Bass Furniture Co.*, 43 Okla. 440, 143 Pac. 190, and *Myers v. Hunt*, 45 Okla. 140, 145 Pac. 328, the petition in error should be, and the same is hereby, dismissed.

All the Justices concur.