## BROWN *et al.* v. STARKWEATHER *et al.*

No. 6586.   Opinion Filed October 12, 1915.

(152 Pac. 371.)

**APPEAL AND ERROR—Frivolous Appeal—Dismissal.** Where it appears from the record that an appeal is frivolous and without merit, same will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Action by Estelle S. Starkweather against Fred Brown and others. Judgment for plaintiff, and defendants Brown bring error. Dismissed.

*P. S. Nagle* and *A. L. Emery,* for plaintiffs in error.

*Foose & Brown,* for defendants in error.

HARDY, J.  Defendant in error Starkweather, plaintiff below, filed suit in the district court of Blaine county, on the 8th day of December, 1913, against plaintiffs in error Brown and defendant in error Cressler and one G. J. Bader; said suit being afterwards dismissed as to said Bader.  The petition alleged the execution by defendants Brown of two certain promissory notes, and two real estate mortgages given to secure the payment of said notes; said notes and mortgages being given to Boardman Land & Loan Company, and by them indorsed and assigned before maturity, in the ordinary course of business, to plaintiff.  The petition further alleged the breach of the conditions of the notes and mortgages, and prayed for judgment against said defendants.  The petition further alleged that defendant Cressler claimed some lien on the real estate involved, and made him a defendant in order that he might have his rights determined.  Defendant Cressler filed his answer and cross-petition on the 18th day of December, 1913, setting up a junior mortgage upon said real estate, and prayed for judgment and foreclosure of his mortgage, subject to the lien of the plaintiff.  Defendants Brown filed their answer and cross-petition, pleading a set-off against defendant Cressler, but making no defense to the cause of action of plaintiff.  Defendants Brown also filed their motion to make one E. E. Cressler party defendant.  Plaintiff, on the 10th day of January, 1914, filed her motion for judgment on the pleadings; and on said January 10, 1914, both plaintiff and defendant C. W. Cressler filed their reply, in the form of general denial, to the answer and cross-petition of defendants Brown.  Thereafter, on the 24th day of January, 1914, defendants Brown, after leave of the court obtained, filed their supplemental answer, alleging that said E. E.

Cressler was the agent of C. W. Cressler.  Thereupon the court rendered judgment upon the pleadings, in favor of plaintiff and against defendants Brown, expressly stating in said judgment that:

"It is by the court further ordered that the judgments herein rendered in favor of the plaintiff are without prejudice to the right of defendants to litigate the issues in said action as between themselves and without prejudice to the rights of the defendant C. W. Cressler to recover whatever judgment he may be entitled to, and to foreclose his lien on the real estate hereinbefore described, subject to the judgments herein rendered in favor of the plaintiff and the mortgage liens of the plaintiff on said real estate hereinbefore described."

Thereafter defendants filed their motion for a new trial, which was overruled on June 1, 1914, and defendants Brown prosecute error.

Defendant in error Starkweather files motion to dismiss the appeal herein and affirm the judgment of the lower court:  (1) Because the petition in error and record are not indexed or numbered in accordance with rule 20 of this court (38 Okla. ix, 137 Pac. x) ; and (2) for the reason that the appeal is frivolous.  No response has been made to said motion.  This motion will have to be sustained.

Inasmuch as the appeal will have to be dismissed for the reason that same is frivolous, we will not pass upon the first ground set up in said motion, but confine ourselves to the second.

It has been held by this court in a number of cases that, where it appears from the record that the appeal is frivolous, same will be dismissed.  *Kirkland v. Trezevant,* 38 Okla. 445, 134 Pac. 1198; *Skirvin v. Goldstein,* 40 Okla.

315, 137 Pac. 1176; *Skirvin v. Bass Furn. Co.,* 43 Okla. 440, 143 Pac. 190; *Myers v. Hunt,* 45 Okla. 140, 145 Pac. 328; *Bennett v. Meek,* 45 Okla. 326, 145 Pac. 767; *Sheil v. Winters,* 45 Okla. 525, 146 Pac. 220; *Dean v. Storm,* 47 Okla. 358, 148 Pac. 732.

The record in this case discloses the fact that plaintiffs in error, in their answer and cross-petition to the petition of plaintiff below, set up no defense whatever to the allegations therein contained, but merely contented themselves with defending against the answer and cross-petition of defendant Cressler, and that judgment was rendered upon the pleadings, upon motion of plaintiff, said judgment expressly preserving the rights of the parties defendant as against each other, for future litigation.

Under this state of the record, and the authorities above cited, we think the appeal is frivolous, and without merit, and the motion should therefore be sustained.

All the Justices concur.