## NILES et al. v. GEORGIA STATE SAV. ASS'N OF SAVANNAH.

No. 8643—Opinion Filed Jan. 9, 1917.

Rehearing Denied March 20, 1917.

(163 Pac. 527.)

(Syllabus by the Court.)

### Appeal and Error—Dismissal—Appeal for Delay.

On October 5, 1915, defendants' demurrer to plaintiff's petition was overruled and defendants given 20 days to answer. On April 3, 1916, the cause came on for trial, and de-

fendants asked for further time in which to answer, without making any showing that they had a meritorious defense to the action, which request was denied by the court and judgment rendered for plaintiff by default. Held, the motion to dismiss should be sustained.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by the Georgia State Savings Association of Savannah against Claude A. Niles and Eva B. Niles. Judgment for plaintiff, and defendants bring error. Dismissed.

Claude A. Niles, for plaintiffs in error.

Chas. R. Freeman, for defendant in error.

PER CURIAM. On July 2, 1915, defendant in error, the Georgia State Savings Association of Savannah, a corporation, in the district court of McIntosh county sued Claude A. Niles and Eva B. Niles on a promissory note and to foreclose a real estate mortgage given to secure same. Defendants demurred to the petition, which was overruled on October 5th, and defendants given 20 days thereafter in which to answer. On the 3d day of April, 1916, defendants having failed to answer or to offer any excuse for such failure, the cause came on for trial, and judgment was rendered finding defendants in default and foreclosing the mortgage as prayed in the petition.

Motion to dismiss this appeal is urged upon the ground, among others, that the appeal is frivolous and brought only for delay. The motion must be sustained. No effort was made by defendants to comply with the order granting them 20 days from October 5th within which to answer; and when this cause came on for trial on April 3, 1916, defendants asked for further time within which to file their answer, without making any showing as to whether they had a meritorious defense to the action, and such request was denied. Defendants were residents of the city within which this case was tried, and were given an abundance of time to file their answer, if any defense they had to present. From all of which it clearly appears that defendants had no defense to offer, and that this appeal from the judgment for foreclosure is brought only for delay, and the same is frivolous and should be dismissed. This is in compliance with the rule announced by this court in Myers et al. v. Hunt et al., 45 Okla. 140, 145 Pac. 328, where we said:

"It clearly appears from the motion to dismiss the petition in error and the judgment appealed from that this appeal is prosecuted for delay, and that plaintiffs in error had no valid defense to defendants in error's cause of action. * * * Held, that said motion to dismiss should be sustained under the author-

ity of Skirvin v. Bass Furniture & Carpet Co., 43 Okla. 440, 143 Pac. 190, and Skirvin v. Goldstein, 40 Okla. 315 137 Pac. 1176."

In Skirvin v. Bass Furniture & Carpet Co., supra, the court said:

"The motion to dismiss and the petition in error show that plaintiff in error had no legal defense to the cause of action, and in the trial court the cause of action was admitted; that the appeal is manifestly frivolous and without merit. Held, that it is proper for this court to sustain such motion and dismiss the appeal."

For the reasons stated, the appeal is dismissed.