## ESCOE v. SMITH.

No. 13480—Opinion Filed Sept. 16, 1924.

**Judgment — Res Judicata — Conclusiveness on Assignee of Judgment.**

Plaintiff, assignee of a judgment, sued thereon for judgment in personam against defendant and to establish lien therefor on said real estate described in such judgment. In such former suit — as shown by exhibits to plaintiff's petition—defendant was a defendant and judgment was established superior to defendant's mortgage on the realty, but not in personam against him. Held, that such former suit was res judicata for that the claims of plaintiff could or should have been litigated in such former suit, and therefore the petition was demurrable under the third paragraph of section 268, Comp. Stat. 1921.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County.; Guy F. Nelson, Judge.

Action by T. J. Escoe against Jas. C. Smith. Judgment on demurrer for defendant. Plaintiff appeals. Affirmed.

Brook & Brook, for plaintiff in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. In substance, plaintiff alleged that Geo. D. Hope Lumber Company, in 1920, obtained a judgment against Clara Evans, J. A. Evans, and defendant Smith in another action, which judgment gave the lumber company a lien against the real estate in controversy; that after entry of the judgment, the lumber company sold and assigned the same to plaintiff, Escoe, who thus became subrogated to the rights of the lumber company; that said judgment has never been satisfied or set aside, and that at the date of the sale of the property, defendant, Smith, who was a mortgagee, purchased said property, knowing of the claim of Escoe, and knowing the existence of such judgment lien and that same had not been paid. Plaintiff attached

to his petition copies of the judgment and assignment. The assignment describes the judgment as one in favor of the lumber company against the Evanses only. The judgment shows that it was in personam against the Evanses only, establishing a lien, however, superior to the lien claim and interest of the Evanses and also, of defendant Smith, ordering sale of the property in four months, proceeds to be disbursed for costs, and to satisfy the judgment, the residue, if any, to be deposited subject to order. No authorities are necessary to the proposition that when there is a variance between the petition and the exhibits, the latter should control. The judgment further provided that the issue between defendant Smith and the Evanses was continued for future adjudication. Plaintiff's assignment of the judgment was filed in the office of the court clerk on August 6, 1921. Defendant, Smith, purchased said property at mortgage sale on May 17, 1921. Plaintiff prayed for personal judgment against defendant Smith and to establish the same as a lien on the same real estate. Defendant Smith filed his demurrer to this petition on the grounds, first, that said petition did not state a cause of action, and, second, that the petition showed on its face that there was another cause of action pending between the parties and their privies involving the same matter set forth in the petition. This demurrer was by the court sustained and judgment rendered dismissing plaintiff's petition, from which ruling, plaintiff brings error.

Plaintiff was a privy to said former judgment because he acquired his legal rights against Smith and in the real estate after the former judgment was rendered. Morrissey v. Shriver et al., 88 Okla. 269, 214 Pac. 702. It is immaterial in the instant case whether the defendant knew of the rights of plaintiff at the time defendant purchased the said real estate, because plaintiff or his assignor, the lumber company, could and should have protected themselves by a sale on execution or by procuring proper orders for the distribution of the proceeds of the sale at which Smith purchased the property. There is suggestion in the brief of plaintiff that the plaintiff paid the amount of the judgment to the court clerk instead of the lumber company and that the clerk noted payment of the judgment on the records prior to the purchase of the property by defendant Smith and that the lumber company got the money. Whatever transpired, the ruling of the court on the demurrer must be judged solely by what appears on the face of the petition. In short, the petition of plaintiff discloses that the instant suit is

between the same parties or their privies, and involves the same cause of action set up in the former suit. The rights of this plaintiff could and should have been litigated in that suit. It seems they were. The former suit was conclusive not only as to all matters actually litigated and determined, but conclusive on the parties and their privies as to all matters germane which could or might have been litigated and availed of by the parties. Cressler v. Brown et al., 79 Okla. 170, 192 Pac. 417. The third ground for demurrer to petition, under section 268, Comp. Stat. 1921, is that there is another action pending between the same parties for the same cause. The defect—as in this case—must be apparent on the face of the petition, in order to be reached by demurrer. Dean v. Storm, 47 Okla. 358, 148 Pac. 732. The court did not err in sustaining the demurrer. The judgment of the trial court is affirmed.

By the Court: It is so ordered.