## BUCKNER et al. v. JENKINS et al.

No. 17406—Opinion Filed Oct. 5, 1926.

Rehearing Denied Dec. 14, 1926.

(Syllabus.)

### 1. Appeal and Error—Dismissal—Frivolous Appeal.

Where, from an examination of the petition in error, on a motion to dismiss the same, it appears that the appeal is frivolous and without merit, this court will exercise its inherent power to take such action in regard to the same.

### 2. Same—Validity of Deed to Unrestricted Indian Land.

Where a duly enrolled Creek freedman, of full age, joined by his wife, executed a deed to his allotment homestead on the 16th day of October, 1908, the said deed was effective to convey the title to the grantee named therein; the restrictions against alienation on such character of allotted lands having been removed by the Act of Congress of May 27, 1908 (35 Stat. at L. 312), and when the appeal raises only the question of the power of Congress to pass said act, the appeal is without merit. Dismissed.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by Isadora Buckner and others against G. K. Jenkins and others. Judgment for defendants, and plaintiffs bring error. Dismissed.

H. A. Guess and Wallace Wilkinson, for plaintiffs in error.

W. L. Dean, E. C. Mead, Phillips, Douglas & Duling, and Willmott, Roberts & Looney, for defendants in error.

BRANSON, V. C. J. This appeal is from the district court of Seminole county. In that court Isadora Buckner, Jones Williams, Isadora Lee, Frank Honley, Mary Jackson, Simpson Richards, Tommy Richards, McKinley Richards, Phyllis, Caroline, and Emiline Jackson, sued G. K. Jenkins, Joseph I, Cromwell, Mabel Y. Cromwell, H. B. McGara, Waite Phillips Company, Mid-Kansas Oil Company, a corporation, and Alma Investment Company, a corporation, in ejectment to recover a certain tract of land which was patented under the Original Creek Agreement (March 1, 1901), and the Supplemental Creek Agreement (June 30, 1902), 32 Stat. L. 500, to one Charles Alexander, a Creek freedman, as his allotment homestead. The said Charles Alexander, joined by his wife, Cilla Alexander, did by proper warranty, duly executed,

undertake to convey on the 16th day of October, 1908, the said land to one Jones Williams, and through the said Jones Williams, the defendants herein by mesne conveyances claim to own the fee or some interest or estate in the real property. The question is: Did the said conveyance of the said Charles Alexander and wife pass the title? The plaintiffs, who now claim as the heirs of the said Charles Alexander, who has since departed this life, state their contention to be:

"It is the contention of the plaintiffs that the attempted sale by warranty deed on the 16th day of October, 1908, by Charles Alexander and wife was no sale at all; that they were restricted lands by virtue of the original Creek allotment agreement. * * *"

Plaintiffs further state their contention to be:

"That the Act of Congress of July 27, 1908, which attempted to remove restrictions of all homesteads of freedmen, mixed-breeds, and Indians up to one-half blood and intermarried white allottees, was repugnant to the treaty made with the Muskogee or Creek Tribe of Indians * * * in that said removal was attempted without having consulted or treated with the Indians for such removal. * * *

"If Congress has the inherent power after entering into a solemn treaty with the Indians to, of its own volition, change or annul any of the salient or valid conditions of such a covenant or treaty, **then the cause of the plaintiffs must fail.** If Congress has no such inherent power or authority, then the plaintiffs should prevail."

The plaintiffs, who lost their case in the trial court, thus state their contention in this court on which they seek a reversal.

The defendants have filed herein a motion to dismiss this appeal on the ground that every question presented has been adjudicated, not only by this court, but by the Supreme Court of the United States, and that this appeal is therefore frivolous, and that the question raised is not even subject to controversy.

As a basis to warrant this action, they assert that this court has the inherent power and duty to dismiss an appeal which is manifestly frivolous and without merit. In support thereof they cite: Skirvin v. Bass Furniture Co., 43 Okla. 440, 143 Pac. 190; Meyers v. Hunt, 45 Okla. 140, 145 Pac. 328, and numerous other cases down to Simon v. Young, 77 Okla. 203, 186 Pac. 941.

In this jurisdiction the proposition advanced is without dissent in the authorities.

They next contend that not only this court

has held that the said Act of Congress of May 27, 1908, 35 Stat. L. 312, was valid and to be within the power of the national Congress and in full force and effect, but that the Supreme Court of the United States has repeatedly so held; that the question here presented is so completely beyond the realm of controversy that this court should exercise its inherent power and end this litigation.

Attention is called to the opinion of this court in the case of Williams v. Johnson, 32 Okla. 247, 122 Pac. 485, wherein, among other things, this court said:

"When Congress determines that the best interest of the Indian will be subserved by the abrogation and annulment, amendment or repeal of a treaty agreement made with a tribe of Indians, it may by subsequent act make the necessary modification or amendment, and of the advisability or expediency of such change or alteration. Congress is the sole and exclusive judge. The question being political and not judicial, it is therefore not a proper subject for consideration by the courts." Shoat v. Oliver, 46 Okla. 683, 148 Pac. 709; McIntosh v Dill, 86 Okla. 1, 205 Pac. 917.

They also call attention to the opinion of the Supreme Court of the United States in the case of Thomas v. Gay, 169 U. S. 264, 42 L. Ed. 740, in which that court said:

"It is well settled that an act of Congress may supersede a prior treaty and that any questions that may arise are beyond the sphere of judicial cognizance, and must be met by the political department of the government.

"It need hardly be said that a treaty cannot change the Constitution or be held valid if it be in violation of that instrument. This results from the nature and fundamental principles of our government. The effect of treaties and acts of Congress, when in conflict, is not settled by the Constitution. But the question is not involved in any doubt as to its proper solution. A treaty may supersede a prior act of Congress (Foster & Elam v. Neilson. 27 U. S. 2 Pet. 314 [7:435]), and an act of Congress may supersede a prior treaty. (Taylor v. Morton, 2 Curt. C. C. 454).

"In the case referred to, these principles were applied to treaties with foreign nations. Treaties with Indian nations within the jurisdiction of the United States, whatever considerations of humanity and good faith may be involved and require their faithful observance, cannot be more obligatory. * * * In the case under consideration the act of Congress must prevail as if the treaty were not an element to be considered. (The Cherokee Tobacco, 207½lbs. Papers Smoking Tobacco v. United States, 78 U. S. 11 Wall. 616 [20:227])."

Again, in the case of Lone Wolf v. Hitchcock, 187 U. S. 553, 47 L. Ed. 299, that court, speaking through Mr. Justice White, in brief said:

"Plenary authority over the tribal relations of the Indians has been exercised by Congress from the beginning, and the power has always been deemed a political one, not subject to be controlled by the judicial department of the government. * * *"

Again, in the case of Choate v. Trapp, 224 U. S. 665, 56 L. Ed. 941.

"The tribes have been regarded as dependent nations, and treaties with them have been looked upon not as contracts, but as public laws which could be abrogated at the will of the United States."

Again, they recite the opinion of the Supreme Court in the case of Williams v. Johnson, taken by writ of error to that court from the Supreme Court of Oklahoma (239 U. S. 414, 60 L. Ed. 358), and the cases of Brader v. James, 246 U. S. 88, 62 L. Ed. 591, and Winton v. Amos, 255 U. S. 373, 65 L. Ed. 684.

In support of the motion to dismiss they further cite the case of United States v. Kagama, 118 U. S. 375, 30 L. Ed. 228; Tiger v. Western Investment Company, 221 U. S. 286, 55 L. Ed. 738; Truskett v. Closser, 236 U. S. 223, 59 L. Ed. 549; Bunch v. Cole, 263 U. S. 250, 68 L. Ed. 290, and the cases in each of said cases cited.

From these authorities we reach the conclusion that the question raised in this appeal as set out supra in the brief of the plaintiffs has been so many times decided adversely to the contention made here that this court should exercise its inherent power to dismiss such an appeal. The motion to dismiss is therefore sustained.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 574, §2382. (2) 4 C. J. p. 574, §2382; 31 C. J. p. 514, §79.