## KEEL et ux. v. PIONEER MORTGAGE CO. et al.

No. 20215.  Opinion Filed June 11, 1929.

Mansfield, Brunson, Kemp & Ahrens, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendants in error.

PER CURIAM. This is an action by the Pioneer Mortgage Company to foreclose a mortgage executed and delivered by the plaintiffs in error on real estate situated in Garvin county, Okla. Plaintiffs in error, as defendants, answered the petition filed in the trial court by the Pioneer Mortgage Company and allege that the defendant William Keel is a duly enrolled full-blood Chickasaw Indian and that the land involved in this action was his homestead allotment conveyed to him by special patent under an agreement between the Chickasaw Tribe of Indians and the United States, and that un-

der said agreement the land was inalienable for a period of 21 years from the date of the patent; that the Congress of the United States was without power to remove the restriction of alienation, and that the mortgage sought to be foreclosed was executed and delivered before the expiration of the period of restriction. The Pioneer Mortgage Company replied that the restriction against the alienation of said land owned by William Keel had been removed on April 15, 1921, by order of the Secretary of the Interior of the United States under an Act of Congress, approved March 27, 1908, and that said lands were alienable on the date of the execution and delivery of the mortgage sought to be foreclosed.

Judgment was rendered by the district court of Garvin county in favor of the Pioneer Mortgage Company, foreclosing said mortgage. From this judgment plaintiffs in error appeal.

Plaintiffs in error in their brief assert, "The entire case of the defendants in error rests upon the validity of the order removing the restriction upon the lands of William Keel," and urge the lack of power of the Congress of the United States to remove such restriction. This proposition has been so many times decided by this court and the Supreme Court of the United States adversely to the contention of the plaintiffs in error that the appeal in this case is manifestly frivolous and without merit. In the case of Buckner et al. v. Jenkins et al.. 122 Okla. 105, 251 Pac. 81, the identical question presented in this case is exhaustively discussed and numerous authorities quoted and cited wherein the question of authority of Congress to remove the restrictions on alienation of lands such as is involved in this case has been determined against the contention of the plaintiffs in error. We deem it unnecessary to enter into a further discussion of this question or to cite additional authorities thereon. In that case it was held. that the appeal was frivolous and without merit, and the appeal was dismissed. The rule announced in that case is as follows:

"Where, from an examination of the petition in error, on a motion to dismiss the same, it appears that the appeal is frivolous and without merit, this court will exercise inherent power to take such action in regard to the same.

"Where a duly enrolled Creek freedman, of full age, joined by his wife, executed a deed to his allotment homestead on the 16th day of October. 1908, the said deed was effective to convey the title to the grantee named therein; the restrictions against alien-

ation on such character of allotted lands having been removed by the Act of Congress of May 27, 1908 (35 Stat. at L. 312), and when the appeal raises only the question of the power of Congress to pass said act, the appeal is without merit."

The question discussed and decided in the case of Buckner et al. v. Jenkins et al., supra, and the authorities cited therein is the only question argued in plaintiffs in error's brief that can be reviewed under the petition in error filed in this court.

For the foregoing reasons, the appeal in this cause is held to be frivolous and without merit and taken for the purpose of delay, and upon motion of the Pioneer Mortgage Company the appeal is dismissed.