## HENSLEY et al. v. HOME SAVINGS & STATE BANK.

No. 20225. Opinion Filed Feb. 9, 1932.

A. T. Parrish, for plaintiffs in error.

J. B. Dudley, for defendant in error.

CULLISON, J. This is a suit to foreclose a real estate mortgage, and from a judgment in favor of plaintiff, defendants appeal to this court. The parties will be referred to as they appear in the trial court.

The record discloses that plaintiff instituted suit for judgment upon certain notes and the foreclosure of a real estate mortgage given as security therefor. Defendants answered in said cause, and pleaded as a defense that defendants were without power or authority to execute and deliver the notes and mortgage under consideration, for the reason they were Choctaw Indians, having less than half-blood, and that under the agreement between the United States government and the Choctaw and Chickasaw Indians known as the Atoka Agreement, their allotments were inalien-

able at the time of the execution of the notes and mortgage in question.

Plaintiff demurred to said answer, the demurrer was sustained, and the court rendered judgment for plaintiff against defendants, from which judgment defendants appeal to this court and allege in their brief that the entire case of defendants rests upon the validity of the Act of Congress of 1908 (May 27, 1908).

The question raised by defendants in their brief has been before this court and before the United States Supreme Court on numerous occasions, and has been passed on by both courts contrary to the contentions of the defendants herein.

In the case of Buckner v. Jenkins, 122 Okla. 105, 251 P. 81, in the body of the opinion in said cause, this court held:

"They next contend that not only this court has held that the said Acts of Congress of May 27, 1908, 35 Stat. L. 312, was valid and was within the power of the National Congress and in full force and effect, but that the Supreme Court of the United States has repeatedly so held that the question here presented is so completely beyond the realm of controversy that this court should exercise its inherent power and end this litigation. Attention is called to the opinion of this court in the case of Williams v. Johnson, 32 Okla. 247, 122 P. 485, wherein among other things this court said:

" 'When Congress determines that the best interests of the Indian will be subserved by the abrogation, annulment, amendment, or repeal of a treaty agreement made with a tribe of Indians, it may by subsequent act make the necessary modification or amendment, and of the advisability or expediency of such change or alteration Congress is the sole and exclusive judge. The question being political and not judicial, it is therefore not a proper subject for consideration by the courts.' Shoat v. Oliver, 46 Okla. 683, 148 P. 709; McIntosh v. Dill, 86 Okla. 1, 205 P. 917."

In the late case of Keel v. Pioneer Mortgage Co., 137 Okla. 9, 278 P. 1114, this court held:

"Where, upon appeal, the sole question presented by the plaintiff in error that may be reviewed under the petition in error is the right of Congress of the United States to provide for the removal of restrictions against alienation of a homestead allotment to a member of the Chickasaw Tribe of Indians, and which question has long been decided by this court and by the Supreme Court of the United States adversely to the contention of the plaintiff in error, such appeal will be dismissed as without merit, frivolous, and taken for the purpose of delay."

And in the body of said opinion, at page 10 of Okla. Reports, this court made the following statement, quoting from Buckner v. Jenkins, 122 Okla. 105, 251 P. 81:

"The restrictions against alienation on such character as allotted lands have been removed by Act of Congress of May 27, 1908 (35 Stat. at L. 312), and when the appeal raises only the question of the power of Congress to pass said act, the appeal is without merit."

After consideration of the record in said cause and the authorities cited in the briefs filed herein, we have arrived at the conclusion that the appeal in this case is without merit, frivolous, and taken for the purpose of delay.

The question presented by defendants has been decided by this court and by the United States Supreme Court numerous times, adverse to defendants' contention, which facts defendants were aware of at the time of perfecting said appeal.

We therefore hold that the decision of the lower court was without error, and the same is hereby affirmed, with directions to said court to carry out its judgment.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and ANDREWS, J., absent.