## WETUMKA ICE CORP. v. WILLIAMS.

No. 23473. Opinion Filed April 11, 1933.

Rehearing Denied May 2, 1933.

C. H. Baskin, for plaintiff in error.

170

Anglin & Stevenson, Burney Bodard, and F. E. Chappell, for defendant in error.

PER CURIAM. A judgment was entered by the court below upon the pleadings and an appeal taken by the defendant from such action and filed herein March 28, 1932.

Defendant in error has filed a motion to affirm the judgment and dismiss the appeal upon the ground that a judgment on the pleadings in such case has been many times determined by the court to be a correct and proper remedy and that the plaintiff in error raises nothing that has not been many times determined by this court adversely to his contention. The respondent has filed a statement that the motion to affirm is not well taken for the reason that this appeal involves the right of the lower court to sustain a motion for judgment on the pleadings when the petition sets forth the grounds for appointment of receiver along with other relief sought, and that by reason of the petition containing alleged grounds for the appointment of receiver, as well as continuing a suit on a note and foreclosure of a mortgage, it was error to sustain a motion for judgment on the pleadings.

This was filed under date of October 18, 1932, and there was no authority supporting that proposition. However, in the original brief filed on August 26, 1932, plaintiff in error cites some authority on the general proposition of what is proper on a motion for judgment on the pleadings.

However, none of the cases touch the points reiterated in his response to the motion to dismiss and in fact reveal that nowhere did the defendant below contest the appointing of the receiver, and the plaintiff states that the receiver was granted by request of the defendant below, and this is not denied. It appears that a general denial unverified was filed by the defendant below, and there was no serious contest either in attempting an affirmative defense or in resisting the receiver so far as the record shows.

It appearing, therefore, that the appeal is without merit and that the defendant in error's contention that the errors presented raise nothing but questions which have been many times determined adversely to the claim of the plaintiff in error is correct, and the appeal is dismissed upon the authority of Keel v. Pioneer Mortgage Co., 137 Okla. 9. 278 P. 1114.